# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| United States, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | Case No: 15 CR 50035 |
| James T. Woodford, | ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

The court accepts the report and recommendation of the magistrate judge [87] and defendant's motion to suppress [81] is denied.

## STATEMENT

Defendant, James T. Woodford, along with co-defendant Dakota Diehl, are charged with conspiracy to obstruct and obstructing interstate commerce by committing the July 15, 2015 armed robbery of a gas station in violation of 18 U.S.C. § 1951(a); as well as possession of firearms as felons in violation of 18 U.S.C. § 922(g)(1) and brandishing firearms during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Defendant filed a motion to suppress the gas station employee's identification of him from an array of six photographs. The parties filed pre-hearing briefs, the magistrate judge held an evidentiary hearing, and the magistrate issued a report and recommendation that the motion be denied. Currently before the court is defendant's objection to the magistrate's report and recommendation. Consequently, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The magistrate identified the applicable two-prong analysis for determining if an identification procedure violates due process: (1) whether it was both suggestive and unnecessary giving rise to a very substantial likelihood of misidentification, and (2) whether it was nevertheless reliable under the totality of the circumstances. See Perry v. New Hampshire, 563 U.S. ___, 132 S. Ct. 716, 724-25 (2012); Neil v. Biggers, 409 U.S. 188, 199 (1972). The magistrate also identified the factors utilized to determine whether the identification was reliable: (1) the opportunity of the witness to view the offender at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the prior description of the offender; (4) the level of certainty exhibited at the confrontation; and (5) the length of time between the crime and the confrontation. Biggers, 409 U.S. at 199-200.

The magistrate did not reach the defendant's first-prong argument that the photo array was unduly suggestive and unnecessary. Instead, the magistrate found that even if the photo array was

unduly suggestive, the employee's identification was nevertheless reliable under the totality of the circumstances. Specifically, the magistrate found that (1) the employee had two opportunities to view the man robbing her; (2) looked directly at him while answering his question; (3) the description the employee provided was very accurate, in height, build, age, and clothing; (4) the employee was very certain in her identification of defendant, 90% when she first viewed his photo and then, upon a requested second viewing, complete certitude; and (5) it was less than three weeks from the incident to the date of the identification. The magistrate concluded that the Biggers factors weighed in favor of a finding that the identification was reliable.

The magistrate found even further indicia of the reliability of the employee's identification of defendant as one of the robbers. Specifically, he found that the FBI agents showed the employee the photographs sequentially, which the Seventh Circuit has expressed a preference for as a method for increasing identification reliability, see United States v. Johnson, 745 F.3d 227, 228 (7th Cir. 2014); the agents were not a part of the investigation and did not know which photograph, if any, depicted the person of interest in the investigation; and the employee was instructed not to pick the best fit, but only the person who actually committed the crime. The magistrate concluded that defendant's complaints about the pre-trial identification are appropriate subjects upon which to cross-examine the employee at trial, but that her identification of defendant was reliable and therefore admissible. Thus, the magistrate recommended that defendant's motion to suppress the identification be denied.

Defendant's only objection to the report and recommendation is that the magistrate committed clear error by passing over the first prong of the Biggers test–whether the identification procedure was unnecessarily suggestive–and addressing only the second prong–whether under the totality of the circumstances the identification was reliable despite any suggestive procedure. Defendant, however, provides no authority to support his position that resolving a challenge to a pre-trial identification procedure on just the second prong is clear error.

The cases, in fact, hold the opposite. See e.g. Woodard v. Thaler, 414 F. App'x 675, 679 (5th Cir. 2011) ("We need not consider the merits of Woodard's [first-prong] arguments, however, because assuming, without deciding, that the pretrial identification procedures were impermissibly suggestive, Woodard has failed to demonstrate that under the totality of the circumstances, the suggestiveness leads to a substantial likelihood of irreparable misidentification."); United States v. Rattler, 475 F.3d 408, 409 (D.C. Cir. 2007) ("[A]ssuming without deciding that the identification procedures were impermissibly suggestive, the identifications were nonetheless sufficiently reliable to preclude a very substantial likelihood of misidentification."); Gray v. Klauser, 86 F. App'x 279, 280 (9th Cir. 2004) ("Assuming-without deciding-that the five-person photo array was somewhat suggestive, we are convinced that under the circumstances Mackay's eyewitness identification was sufficiently reliable to have been presented to the jury."); United States v. Tortora, 30 F.3d 334, 338 (2d Cir. 1994) ("Assuming, without deciding, that the pre-trial procedure was overly suggestive, we find that the in-court identification was independently reliable."); see also United States v. Bolton, 977 F.2d 1196, 1201 (7th Cir. 1992) (bypassing the issue of undue suggestion posed by showing the witness photos of defendant in repetition and instead finding that the identification was sufficiently reliable to be admissible under the second prong of the Biggers test). The permissibility of skipping to the second prong stands to reason because the whole point of the holding in Biggers is that an

unnecessarily suggestive out-of-court identification procedure does not necessarily violate due process where the identification is otherwise reliable. Biggers, 409 U.S. at 199-200. Thus, there was no clear error in bypassing prong one and resolving the motion on prong two.

      Having considered de novo defendant's objection, it is hereby overruled and the well-reasoned report and recommendation of the magistrate is accepted. Thus, defendant's motion to suppress is denied.

Date: 10/19/2016

ENTER:

_____
FREDERICK J. KAPALA

District Judge